**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4469

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EFRAIN LOPEZ-PEREZ, a/k/a Hector Terronez-Gomez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00477-FL-1)

Submitted:  February 19, 2025                    Decided:  March 28, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Helen Celeste Smith, Apex, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kimberly N. Dixon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efrain Lopez-Perez appeals the 60-month sentence imposed after he pleaded guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). He contends that the magistrate judge violated Fed. R. Crim. P. 11(b)(1)(B) by failing to advise him of his right to plead not guilty. He also claims that the district court ignored his nonfrivolous arguments for a lower sentence. Finally, he asserts that his sentence is substantively unreasonable. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Among those rights is "the right to plead not guilty, or having already so pleaded, to persist in that plea." Fed. R. Crim. P. 11(b)(1)(B).

Because Lopez-Perez did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy only for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). To prevail under this standard, Lopez-Perez must demonstrate "that (1) there is error; (2) the error is plain; and (3) the error affects his substantial rights." *Id.* (cleaned up). "[T]o establish an effect on his substantial rights in this context, [Lopez-Perez] bears the burden of establishing a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (internal quotation marks omitted). "In evaluating whether Rule 11 omissions affected a

2

defendant's substantial rights, we consider whether the defendant had independent notice of the omitted information, as from a plea agreement." *Id.*

Lopez-Perez is correct that, at the Rule 11 hearing, the magistrate judge did not expressly advise him of the right to plead not guilty. However, Lopez-Perez was advised at his arraignment that, at a later date, he would have the option of pleading guilty or not guilty. And throughout the Rule 11 hearing, the magistrate judge obliquely referenced Lopez-Perez's right to plead not guilty, telling Lopez-Perez that he had the right to a jury trial, discussing what would happen "if" he pleaded guilty, and explaining that the court would hold a trial scheduling conference if a not guilty plea were entered. Based on these exchanges, and because Lopez-Perez does not identify any part of the record suggesting that he would have proceeded to trial had he been explicitly informed of his right to plead not guilty, we are satisfied that the magistrate judge's Rule 11 omission did not affect Lopez-Perez's substantial rights.

Turning to Lopez-Perez's sentencing claims, we review a defendant's sentence for procedural and substantive reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the district court adequately explained the defendant's sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "Where a defendant (or prosecutor) presents nonfrivolous reasons for imposing a sentence outside the Guidelines, the sentencing judge must address or consider those arguments and explain why he has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022)

3

(internal quotation marks omitted). As long as the "district court addresses [the] defendant's 'central thesis,'" an exhaustive explanation is not required. *Id.*

After unlawfully reentering the United States, Lopez-Perez was charged with—and eventually pleaded guilty to—several North Carolina crimes, including kidnapping and assault inflicting serious injury. He spent two years in North Carolina custody before being transferred to federal custody in connection with the illegal reentry charge.

At sentencing, Lopez-Perez asked the district court to consider that the Bureau of Prisons would not credit against his federal sentence the time he had spent in state custody. According to Lopez-Perez, the court neglected to address this argument, which was premised on U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.7 (2021). Application Note 7 provides that a district court may consider a downward departure for an unlawful reentry defendant who has served time in state custody that will not be credited to his federal sentence. USSG § 2L1.2 cmt. n.7. However, "[s]uch a departure should be considered only in cases where the departure is not likely to increase the risk to the public from further crimes of the defendant." *Id.* Relevant factors include "whether the defendant engaged in additional criminal activity after illegally reentering the United States," "the seriousness of any such additional criminal activity," and "the seriousness of the defendant's other criminal history." *Id.*

Here, a downward departure under Application Note 7 was clearly unwarranted in light of the extremely serious and violent crimes that Lopez-Perez committed upon reentering the United States, as well as his substantial criminal history. We therefore

4

conclude that Lopez-Perez's argument was frivolous, such that the district court did not abuse its discretion by declining to address it directly.

Next, Lopez-Perez claims the district court ignored his argument that, to avoid unwarranted sentencing disparities, the court should consider data from the United States Sentencing Commission showing the average sentence received by unlawful reentry offenders. On the contrary, the court responded to this argument by pointing out that the Sentencing Commission's data did not account for Lopez-Perez's particular circumstances. *See United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (explaining that, when imposing sentence, a district court "must conduct an individualized assessment" by applying the 18 U.S.C. § 3553(a) factors "to the particular defendant" being sentenced (internal quotation marks omitted)). Thus, we discern no abuse of discretion.

Finally, Lopez-Perez argues that his 60-month sentence—an upward variance from the 30-to-37-month Sentencing Guidelines range—is substantively unreasonable in light of the magnitude of the variance and the time he spent in state custody. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). "However, when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (cleaned up). Still, we "must give due

5

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

The district court thoroughly justified its decision to vary upward from the Guidelines range, citing Lopez-Perez's high likelihood of recidivism, his significant criminal history, and the need for the sentence to protect the public and promote respect for the law. We therefore conclude that Lopez-Perez's sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*